Emmett R. Conness, Plaintiff-Appellant, v. Robert E. Conness, et al., Defendants-Appellees.

Gen. No. 67–67.

Third District.

April 26, 1968.

Daniel McMullen, of Streator, for appellant.

Edward X. Rashid, of Streator, for appellees.

STOUDER, J.

Emmett Conness, Plaintiff-Appellant, brought this equitable action in the Circuit Court of LaSalle County against his cousin, Robert Conness, Defendant-Appellee, seeking to set aside and vacate a notice of termination of tenancy. In essence the action is for specific performance the complaint alleging the parties entered into an oral agreement by the terms of which the defendant agreed that the plaintiff could farm as tenant for the term of his lifetime, a certain eighty-acre tract of farmland owned by defendant. After hearing, the Court dismissed the complaint for want of equity, and it is from such decree that plaintiff appeals.

The facts are largely undisputed. In 1947, an uncle of the parties died in Arizona owning one hundred sixty (160) acres of farmland in LaSalle County. The farm had been in the Conness family for many years. Problems arose in the ancillary administration of the estate as to

whether the farm could be sold and as a result a trust procedure was employed to effect the sale, the defendant being one of the trustees empowered to conduct the sale at public auction. Prior to the sale the plaintiff and defendant conversed on several occasions concerning the possible purchase of the farm in order that it stay in the family. Each party indicated he was financially unable to handle the purchase of the entire farm but with the cooperation of defendant's mother it was agreed that plaintiff should bid up to $350 per acre for the entire tract, and if plaintiff were the successful bidder each would pay one-half of the purchase price and plaintiff would become the owner of the west eighty acres and defendant the owner of the east eighty acres. According to the testimony of plaintiff it was during these conversations with defendant during which no other person was present, that defendant also agreed that plaintiff, could farm the east eighty acres as tenant for the rest of his life or as long as he wanted to do so. Defendant denied any such agreement and whether such oral agreement was or was not made during these conversations is substantially the only disputed issue in this case.

The farm was purchased at public sale for $346 per acre, title thereto being taken in the name of plaintiff and defendant's mother. Thereafter plaintiff borrowed most of the money necessary for him to pay for his half of the farm and deeds were executed conveying the west eighty acres to plaintiff and the east eighty acres to defendant. Plaintiff, having been a tenant on the entire farm prior thereto, commenced farming the east eighty as defendant's tenant on March 1, 1948. He continued farming his own eighty acres and that of the defendant until February 28, 1967, the effective date of the termination of tenancy notice. Such notice did not state any cause or reason for the termination of the tenancy.

■■■

By stipulation, the details of the transactions which had taken place between the parties during the nineteen years of the tenancy were presented to the court. From such stipulation it appears that plaintiff paid most of the costs of producing the crops, that plaintiff had laid about one hundred fifty (150) feet of tile on the east eighty, that plaintiff had moved a house and barn located thereon and thereafter prepared the area for tillage and that the parties had shared the net proceeds equally.

■■ In seeking to reverse the decree of the trial court, plaintiff contends the evidence establishes a parol agreement between the parties whereby he was entitled as tenant to farm the land of defendant for plaintiff's lifetime and that his performance under such parol contract was sufficient to remove the bar of the statute of frauds. Chapter 59, sections 1 and 2 (Ill Rev Stats 1965). Since it is the purpose of the statute of frauds to prevent fraud or injustice it is appropriate to apply equitable principles when the interposition of the statute would produce a contrary result. Anastaplo v. Radford, 14 Ill2d 526, 153 NE2d 37. The burden is upon the party seeking the application of equitable principles not only to establish the terms and conditions of the parol agreement but also to show that enforcement of the parol agreement is required to prevent fraud or injustice. Flannery v. Woolverton, 329 Ill 424, 160 NE 762.

■ In the instant case, the question of whether there was or was not a parol agreement concerning plaintiff's right to farm the land for the rest of his life is disputed. The evidence relating thereto is based on the recollection of the parties concerning conversations which had taken place nearly twenty years earlier. Although the deeds and conveyances support a conclusion that the parties did make an agreement concerning the purchase and division of the farm neither such agreement nor plaintiff's subsequent tenancy of the farm necessarily infer the additional agreement that such tenancy was to be for plain-

tiff's life. The fact that the deed to the east eighty acres executed at the time plaintiff commenced farming as a tenant of defendant did not by reservation or otherwise refer to such right of plaintiff is significant. The evidence being conflicting we believe the conclusion by the trial court that there was no oral agreement is supported by ample evidence.

■ Even if it were proven that the parol agreement relied upon by plaintiff had been made, the question remains do equitable considerations require enforcement of that parol agreement to avoid or prevent fraud or injustice? In our opinion the facts do not so require. The facts do not show that plaintiff in reliance upon the purported promise changed his position to his disadvantage, detriment or loss. If the oral promise be regarded as an inducement relied upon by plaintiff in the purchase of his own eighty acres and the borrowing of money necessary therefor whatever hardship or disadvantage which then existed no longer exists. It is not contended that the compensation which plaintiff received for his work as tenant during the nineteen years is unreasonable, minimal or inadequate. The expenditures during the period of the tenancy were for the mutual advantage of both parties. Indeed from the evidence it can be inferred that the only basis of plaintiff's claim is that the loss of his rights as tenant will result in the loss of some future advantage dependent upon future performance of the agreement by both parties. Such circumstances do not warrant the conclusion that to deny enforcement of the contract will result in fraud or injustice to plaintiff. For the foregoing reasons the decree of the Circuit Court of LaSalle County is affirmed.

Decree affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.